### HARBAGE v TRACY et

Ohio Appeals, 2nd Dist, Franklin Co

No 3031. Decided Dec 19, 1939

Gilbert Bettman, Cincinnati, and Agnes B. Dickinson, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus, for Joseph T. Ferguson, Auditor of State.

### OPINION

BY THE COURT:

Submitted on motion of the Attorney General on behalf of the defendant-appellant Auditor of State, to strike the

judgment entry in case No. 3031 of date August 3, 1939, from the files.

We have made an intensive study of the record in this case from the date of the final entry in the Common Pleas Court until and including the time of the filing of the entries in cases Nos 3031 and 3027 and find the following germane facts.

The case proceeded in the Common Pleas Court under No. 150,990. The question of attorneys' fees, of course, became pertinent when it appeared that the plaintiff had sustained his claim.

The judgment entry in the Common Pleas Court was filed of date February 6, 1939 and recited judgment for the plaintiff against the defendants and denied plaintiff's claim that the Court should fix his attorneys' fees to be paid to them out of the Travelling Expense Fund.

It is significant to note that this entry was approved by special counsel for Attorney General for the Auditor of State.

From this judgment notice of appeal on law and fact was filed by J. Freer Bittinger which, though filed first in point of time, February 7, 1939, was given No. 3031 in the Court of Appeals. On February 17, 1939, notice of appeal on law and fact was filed by "Thomas J. Herbert, Attorney General, by Paul R. Gingher, Special Counsel for defendant-appellant, Joseph T. Ferguson, Auditor of State". This appeal was numbered 3027 in the Court of Appeals. It will be noted that the different numbers were caused by reason of the separate appeals of Bittinger and the Auditor of State and not because of the cross-appeal of Bettman and Dickinson.

Thereafter, Bettman and Dickinson filed a notice of a cross-appeal on questions of law. This cross-appeal, of course, was filed in the Common Pleas Court, case No. 150,990.

It should be observed that this cross-appeal was not noted as filed in the Appearance Docket of the Common Pleas Court. There is no number on it which was placed there by the Clerk of Courts and apparently no number

was officially given to it. In the upper right hand corner in pencil is noted No. 3027 but who placed it there or by what authority does not appear. This notice of cross-appeal, however, does bear the stamp of the Clerk of the Common Pleas Court and bears no stamp whatever of the Clerk of the Court of Appeals. So that it must be said that this appeal can not be referred to No. 3031 as distinguished from No. 3027.

The assignments of error on the cross-appeal carry both numbers, 3027 and 3031.

The entry in No. 3031 which was first entered bears the signature of Gilbert Bettman, Agnes B. Dickinson, attorneys for plaintiff, Clarence Laylin, Eagleson & Laylin, attorneys for defendant, J. Freer Bittinger, and Barnes, Judge. The entry in No. 3027 bears the signature of Bettman and Dickinson, attorneys for plaintiff, Thomas J. Herbert, Attorney General, for defendant, Joseph T. Ferguson, and Hornbeck, PJ.

The entry in No. 3031 originally carried No. 3027, which is stricken by pencil. The entry in No. 3027 carried the number 3031 in type, which is stricken by pencil. In the body of the entry in No. 3027, No. 3027 appears in type and is stricken by pencil and 3031 written above.

We advert to this as indicating the difficulty which all parties recognized in giving proper numbers to the entries.

It should be noted that in this court, although the cases came up under separate numbers, they were presented as one case and so decided.

It is most significant that the entry in No. 3031 in adjudicating the question raised by the pleadings in the Common Pleas Court makes no order against any defendant except the Auditor of State, who is specifically enjoined from making any payment of mileage to members of the House of the Ninety-First General Assembly for purported sessions between dates named and that the Auditor of State be mandamused to recover from the members of the Senate of the Ninety-First General Assembly payments made to them

for purported sessions. Then follows the adjudication respecting the allowance to plaintiff for his attorney's fees. The subject matter of this judgment entry directly affects defendant, Auditor of State, although it is entered on the appeal of defendant, J. Freer Bittinger. If it is to bind the Auditor of State, and all counsel seem to proceed upon the theory that it does, then obviously his counsel should have approved the entry if it is to be spread upon the record upon the signature of other counsel and the approval of one member of this court. If the Auditor of State is bound by this entry which was not approved by anyone for him, then he is barred not only from his appeal on the question of attorneys' fees but on his appeal, if desired to be perfected, on the adjudication respecting the mileage payment.

The entry in No. 3027 of this court is approved by Thomas J. Herbert, Attorney General, for defendant, Joseph T. Ferguson, meaning, of course, as Auditor of State. But it carries no judgment except by reference to case No. 3031, the entry in which had theretofore been spread upon the record.

It is our conclusion from the whole matter that the entry in No. 3031 should be stricken because it was not approved by any counsel for defendant, Auditor of State, who was adversely affected thereby and it was only approved by one member of this Court.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.